CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 10, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JULLIAN ANDREW HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00759 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CAPTAIN STEVEN GULLETT, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jullian Andrew Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to place him in administrative segregation. Huffman has not prepaid the necessary filing costs to proceed with a civil rights action and, by filing a Prisoner Trust Account Report and Statement of Assets, impliedly requests in forma pauperis status under 28 U.S.C. 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust

account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Huffman has filed more than sixty lawsuits in this court, many of which have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Huffman v. McAfee*, No. 7:24CV00640 (W.D. Va. Nov. 18, 2024) (dismissed under 28 § 1915(e)(2)(B)(i) as frivolous); *Huffman v. Fuller*, No. 7:24CV00438 (W.D. Va Oct. 30, 2024) (dismissed under 42 § 1997e(c)(1) as frivolous); *Huffman v. Co Poole*, No. 7:24CV00384; (W.D. Va. Oct. 24, 2024) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim).[1] Accordingly, Huffman may only proceed in forma pauperis (without prepayment of the filing fee) if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to the "three strikes rule" is "essentially a pleading requirement subject to the ordinary principles of notice pleading." *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F.

---

[1] Several of his cases have also been dismissed under 28 U.S.C. § 1915(g). *See, e.g.*, *Huffman v. Large*, No. 7:25cv916 (W.D. Va. Mar. 2, 2026); *Huffman v. Shah*, No. 7:25cv445 (W.D. Va. Mar. 2, 2026); *Huffman v. Kilgore*, 7:24cv788 (W.D. Va. Dec. 5, 2025).

App'x 159, 159 (4th Cir. 2020). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Here, Huffman obscurely claims that another inmate is "spreading word to get hurt for cash app money," and insists that he should be placed in administrative segregation for his safety. Compl. 2, Dkt. No. 1. As the Fourth Circuit has explained, "[v]ague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Huffman's conclusory complaint fails to set forth facts demonstrating that he is genuinely facing imminent danger of serious physical injury. To the extent that he fears his safety due to intimidation by another inmate, "stated fears . . . do not

demonstrate that [a prisoner] is actually in imminent danger of suffering the threatened harm." *Renoir v. Hamilton*, No. CIVA 706CV00677, 2006 WL 3526906, at *1 (W.D. Va. Dec 6, 2006).

As to Huffman's requested confinement in administrative segregation, prison officials are generally afforded full discretion to control prisoner classifications. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Because federal courts may not "oversee the discretionary decisions of prison administrators" or "second-guess their evaluations," I will not interfere with such decisions. *See Paine v. Baker*, 595 F.2d 197, 199 (4th Cir. 1979).

For the stated reasons, I cannot find that Huffman is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g). Therefore, I must deny his application to proceed in forma pauperis under § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice. A separate Judgment will be entered.

ENTER: November 10, 2026

/s/ JAMES P. JONES
Senior United States District Judge